Jimmy **MERCHANT** and Herman Santiago, Plaintiffs,

v.

Elmira **LYMON**, Morris Levy, Big Seven Music Corp., Roulette Records, Inc. and Broadcast Music, Inc., Defendants.

No. 87 Civ. 7199 (VLB) (NRB).

United States District Court, S.D. New York.

March 23, 1994.

**30**

Bruce Gold, Syosset, NY, for plaintiffs.

Edwards & Angell (Ira G. Greenberg, of counsel), New York City, for defendants.

Silverman & Shulman, P.C. (Alan L. Shulman, of counsel), New York City, for intervenor.

### OPINION

BUCHWALD, United States Chief Magistrate Judge.

After a five-day trial in the above-captioned action, held from November 10, 1992 through November 16, 1992, a jury returned a special verdict finding that plaintiffs Jimmy Merchant and Herman Santiago were co-authors, with Frank Lymon, of the hit song *Why Do Fools Fall in Love? ("Fools")*.[1] In addition, the jury found that plaintiffs were prevented from commencing a lawsuit for copyright royalties because of a reasonable fear of retribution lasting from 1969 until December 24, 1984.

Thereafter, on December 15, 1992, defendants Levy, Big Seven Music Corp., and Roulette Records, Inc. (collectively referred to as the "Levy defendants")[2] filed a multi-faceted post-trial motion. Of particular relevance here was their application for judgment as a matter of law pursuant to Fed. R.Civ.P. 50 on the ground that plaintiffs were

not entitled to a tolling of the statute of limitations as a matter of law, or alternatively, for the entirety of the period found by the jury. In an Opinion dated July 22, 1993 (the "July 22 Opinion"), this Court granted defendants' motion in relevant part. *See Merchant v. Lymon*, 828 F.Supp. 1048 (S.D.N.Y. 1993). Specifically, we held that duress must constitute an integral part of the cause of action in order to justify a tolling of the statute of limitations. Alternatively, we found that the jury's verdict was not supported by the evidence. Furthermore, based on the Copyright Act's statute of limitations, 17 U.S.C. § 507(b), we held that plaintiffs could only recover for damages accruing within three years of October 7, 1987, the day that plaintiffs filed their complaint. *See Stone v. Williams*, 970 F.2d 1043, 1051 (2d Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2331, 124 L.Ed.2d 243 (1993).

On January 7, 1993, Windswept Pacific Entertainment Co. ("Windswept"), which acquired ownership of the *Fools* copyright in 1988, moved to intervene for all purposes under Fed.R.Civ.P. 24(a). Plaintiffs consented to Windswept's application. On February 25, 1993, Windswept filed its answer, pursuant to leave granted on February 4, 1993. Windswept now moves for this Court to amend its July 22 Opinion to state explicitly that Windswept is only liable for damages accruing since February 25, 1990, three years before its intervention in this action.

### DISCUSSION

For reasons unknown to us, plaintiffs never sought to join Windswept as a defendant even though they knew that Windswept had acquired ownership of the *Fools* copyright after their complaint was filed.[3] In fact, to this date, plaintiffs have offered no explanation for their failure to join Windswept in a timely manner. Rather, in opposing this mo-

---

**1.** On September 25, 1992, both parties consented to the jurisdiction of a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

**2.** Judge Broderick dismissed defendants Broadcast Music, Inc. and Elmira Lymon from this action on February 2, 1992 and April 15, 1992, respectively.

**3.** Plaintiffs' counsel was present at pre-trial conferences at least as early as May 4, 1992 where the fact that Big Seven Music Corp. had sold the *Fools* copyright to Windswept was specifically discussed.

tion, plaintiffs' position is that Windswept was at fault for failing to intervene sooner. (Pls.' Mem.Opp.Mot. of Def. Windswept at 4–6.)

We reject plaintiffs' contention. Responsibility for failure to join Windswept must be placed squarely with plaintiffs. The Copyright Act specifically states that "[r]ecordation of a document in the Copyright Office gives all persons constructive notice of the facts stated in the recorded document...." 17 U.S.C. § 205(c). *See generally* 3 Nimmer on Copyright § 10.07, 10–51—10–70 (1993) ("Recordation of Transfers"). For a small fee, plaintiffs could have requested that the Copyright Office conduct a search for the current owner of the *Fools* copyright. 17 U.S.C. § 705(c).[4] Such a search would have revealed a recorded transfer of copyright interest to Windswept on October 14, 1988. Because plaintiffs had the knowledge and capacity to join Windswept in a timely fashion, there is no reason that the calculation of the limitations period ought not to run from the date that Windswept became a party to the action.

### CONCLUSION

Based on the statute of limitation applicable in copyright cases, Windswept is liable only for damages accruing since February 25, 1990. Defendant's motion is granted.

**IT IS SO ORDERED.**

---

4. This section provides that

Upon request and payment of the fee specified by section 708, the Copyright Office shall make a search of its public records, indexes, and deposits, and shall furnish a report of the information they disclose with respect to any particular deposits, registrations, or recorded documents.